Edmund Rainsford
322 Pasto Rico
Santa Margarita, CA 92688
(949) 292-2449 (t)
Edmundjrainsford@gmail.com

Plaintiff in Pro Se

FILED

MAR 26 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

CV24-1862

| EDMUND RAINSFORD, an individual, | Case No.: |
|---|---|
| Plaintiff | LJC |
| | **COMPLAINT FOR:** |
| v. | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973; |
| | (2) AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT; |
| MARTIN O'MALLEY, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | (3) UNLAWFUL RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AND THE ADEA; |
| Defendant | (4) FAILURE TO ACCOMDATEUNDER THE REHABILITATION ACT OF 1973; |
| | (5) APPEAL OF MSPB DECISION REGARDING JUST CAUSE FOR PLAINTIFF'S TERMINATION. |
| | **JURY TRIAL DEMANDED** |

1
COMPLAINT

Plaintiff, EDMUND RAINSFORD ("Plaintiff" or "Mr. Rainsford"), complains and alleges the as follows:

## JURISDICTION

1. This Court has jurisdiction under 29 U.S.C. § 701 et seq, the Rehabilitation Act of 1973, as amended, and 29 USC §621, et seq., the Age Discrimination in Employment Act of 1975, as amended.

## VENUE

2. Venue is proper in the Northern District of California as the judicial district in which the unlawful employment practices, or at least some of them, occurred and in which relevant employment records, or at least some of them, are maintained and administered.

## INTRADISTRICT ASSIGNMENT

3. This lawsuit should be assigned to the San Franscisco division of this court because a substantial part of the events or admissions which give rise to this lawsuit occurred in Contra Costa County.

## PARTIES

4. Plaintiff EDMUND RAINSFORD (hereinafter "Plaintiff") is a natural person, who, at all times complained of in this action, is a resident of Orange County, State of California. Plaintiff was employed by the United States Social Security Administration.

5. Defendant MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION (hereinafter "Defendant" or the Agency") is the Social Security Administrator for the United States of America.

///

///

///

COMPLAINT

## FACTS

6. Prior to his termination from Defendant's employment on or about December 1, 2012, Plaintiff had worked for Defendant in its Richmond California location for several years and had achieved permanent status as a Benefits Authorizer. His birthdate is November 29, 1949.

7. On or about March 29, 2010, Plaintiff was admitted to Mission Hospital in Mission Viejo, California, and diagnosed with chronic bronchitis. Due to Plaintiff's disability, the treating physician advised that Plaintiff is more susceptible to airborne particles and moisture. Such particles and moisture are very prevalent in the San Francisco Bay Area.

8. Plaintiff was hospitalized on or about March 30, 2010, and immediately placed in a medically induced coma on a ventilator because of a collapsed right lung and a left lung that was filling with fluid—this medically induced coma lasted four weeks. After that, Plaintiff spent three and a half weeks in the Intensive Care Unit, followed by a step-down unit before being released home in Rancho Santa Margarita.

9. On the suggestion of Regina Rogers, Agency Module Manager, Plaintiff made a request to Defendant for reasonable accommodation of his disability in the form of a transfer to an office in Southern California for its drier climate on or about January 18, 2011—that request was denied.

10. On or About May 19, 2011, Priscilla de Mesa, Union Official, informed Agency personnel that an employee within the Frank Hagel Federal Building had active tuberculosis (TB). The email also contained a two-page national policy on serious infectious disease testing and preventive treatment which stated that there would be no cost to employees for leave or for the testing/treatment.

11. On or about Friday, May 20, 2011, Regina Rogers, Agency Module Manager, read a prepared statement to Module 1 personnel, including Plaintiff, that advised them that there had been TB in the building, that management was going to consult with health officials, and that Defendant would be providing the employees with an

3
COMPLAINT

internet link for information. During the meeting, Ms. Rogers discussed no plans for TB testing and when Plaintiff asked her if management was going to have someone present in the building to conduct testing, she responded by stating that she did not know.

12. Later, on or about the same day, Plaintiff had a conversation with Ms. Rogers in which he expressed concerns about the Agency's lack of action and asked what he should do. She responded by saying that he should "do what [he] had to do."

13. Because of his disability, chronic bronchitis, Plaintiff was reasonably afraid of contracting TB. Furthermore, because of his medical professional's explanation of his condition, Plaintiff understood that contracting TB was a possible 'death sentence.' Therefore, Plaintiff took Ms. Rogers advice and did what he had to do since she had given approval.

14. Based on Ms. Roger's representations, as it was a Friday, Plaintiff immediately went home and on Monday, May 23, 2011, went on emergency leave to visit his treating physician hundreds of miles away in Mission Viejo to receive a TB test from his treating physician because of the life threating risk that contracting TB would have on him due to his disability.

15. This emergency leave was approximately sixteen (16) hours. Plaintiff put in a request for administrative leave to cover his emergency visit to his treating physician for Monday, May 23, 2011, and Thursday, May 26, 2011[1] to have his TB test read. This request was denied.

16. As a result of (a) asking for reasonable accommodation of his disability in the form of a transfer to Southern California; and (b) taking medical leave to see a doctor to

---

[1] When the Plaintiff presented himself to the Agency-Contracted Non-Agency Health Professionals manning the Health Care Center within the building at his place of employment, within the standard 48-72 hour window for reading after administration of a TB test, to have the results of the TB test on his forearm read, the Health Professionals in the building refused to read the test, as "they had not administered the original test." Plaintiff was required to return to Mission Viejo within 72 hours of the May 23, 2011 administration of the original TB test, to have his TB test read by his treating physician's staff, or subject himself to a brand new TB testing process at some uncertain time and place, which would consume another 48-72 hours from administration of a new TB test, and result in further delay to a potentially life-threatening situation.

4

COMPLAINT

address a life-threatening disease he was exposed to at his place of employment, the Agency retaliated against him by placing Plaintiff on AWOL status for the days he sought treatment (and later firing him).

17. This adverse action was taken in contradiction to the email Plaintiff received from the Agency informing him that there would be no cost to employees for leave and despite authorization for his leave from Ms. Rogers.

18. Plaintiff is informed and believes, and therefore alleges that other employees at the Agency were given leave to address the TB issue which Plaintiff sought without adverse consequences to them.

19. Accordingly, Plaintiff filed an EEO complaint on or about July 11, 2011, after his supervisors began retaliating against him by committing the aforementioned actions. Said retaliation ended in his termination without just cause.

20. On or about June 28, 2012, the Agency, through a Ms. Chao, proposed the appellant's removal based on a single vague alleged charge of "making statements that cause anxiety in the workplace." The sole specification provided:

> On or about March 12, 2012, during a performance discussion with Aleshia Cannon Post Entitlement Technical Expert, who was then acting as your mentor, you made the following statement, "If I am placed on an OPS (Opportunity to Perform Successfully) it will infuriate me, it will lead me to do something that everyone will regret!" You further stated during the same discussion, "I will turn this place into a parking lot!" Your statements caused anxiety in the workplace.

21. Not only are these allegations false, even if they were true (which they are not), they do not rise to the level of the just, good, and sufficient cause needed to terminate a permanent United States government employee.

COMPLAINT

22. The Agency terminated Plaintiff from his position on or about December 1, 2012, and Plaintiff challenged his termination with the EEOC through the EEO process based on disability discrimination (including refusal to accommodate his disability), age discrimination, and retaliation. This resulted in a Final Agency Decision being issued on or about April 8, 2016, alleging that the Agency did not discriminate against or retaliate against the Plaintiff.

23. Plaintiff appealed the Agency's April 8, 2016, Final Agency Decision by timely filing an appeal with the MSPB on or about May 21, 2016. The MSPB issued its initial decision on April 30, 2018. In that decision, the MSPB erroneously affirmed the Agency's action.

24. Upon receiving that decision, Plaintiff filed a timely petition for review with the MSPB. On review, the MSPB Board asserted that Plaintiff's due process rights had not been infringed upon; however, the Board did not discuss the merits of Plaintiff's appeal in its decision. The final decision was issued on February 23, 2024.

25. Defendants committed the acts alleged herein maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and/or in conscious disregard of Plaintiff's rights.

26. Plaintiff now seeks relief for the causes of action outlined below.

## FIRST CAUSE OF ACTION

**(Disability Discrimination In Violation Of The Rehabilitation Act Of 1973, 29 U.S.C. § 701 et seq.)**

27. Plaintiff hereby realleges and incorporates by reference the allegations set forth in above paragraphs, as though set forth in full herein.

28. Plaintiff was at all times material hereto an employee protected by the application of the Rehabilitation Act of 1973 prohibiting discrimination and harassment in employment on the basis of disability.

29. Defendant is, and at all times material hereto was, an employer within the meaning

6

COMPLAINT

of the Rehabilitation Act of 1973 and, as such, is barred from discriminating in employment decisions on the basis of disability as set forth in the Rehabilitation Act of 1973.

30. Defendant discriminated against Plaintiff on the basis of his disability in violation the Rehabilitation Act of 1973 by engaging in a course of conduct including, but not limited to, at least some of the acts set forth above.

31. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial losses including lost earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer harm to reputation, embarrassment, loss of self-esteem, humiliation and mental anguish, all to his damage in an amount according to proof.

32. As a result of Defendant's discrimination as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the Rehabilitation Act of 1973.

## SECOND CAUSE OF ACTION

**(Age Discrimination in Violation of the Age Discrimination Employment Act, 29 USC § 621 et seq.)**

33. Plaintiff hereby realleges and incorporates by reference the allegations set forth in above paragraphs, as though set forth in full herein.

34. Plaintiff was at all times material hereto an employee protected by the application of the Age Discrimination in Employment Act prohibiting discrimination and harassment in employment on the basis of age (over forty).

35. Defendant is, and at all times material hereto was, an employer within the meaning of the Age Discrimination in Employment Act (ADEA) and, as such, is barred from discriminating in employment decisions on the basis of age as set forth in the ADEA.

36. Defendant discriminated against Plaintiff on the basis of his age in violation of the ADEA by engaging in a course of conduct including, but not limited to, at least

7
COMPLAINT

some of the acts set forth above.

37. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial losses including lost earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer harm to reputation, embarrassment, humiliation and mental anguish, all to his damage in an amount according to proof.

38. As a result of Defendant's discriminatory as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the ADEA.

## THIRD CAUSE OF ACTION

### (Unlawful Retaliation in Violation of the AEDA and the Rehabilitation Act of 1973)

39. Plaintiff hereby realleges and incorporates by reference the allegations set forth in above paragraphs, as though set forth in full herein.

40. One purpose of AEDA and the Rehabilitation Act of 1973 is to protect employees from an employer's unlawful discriminatory behavior, including prohibited retaliatory actions that will dissuade a reasonable employee from reporting discrimination or engaging in activities protected by these acts including asking for a transfer and requesting and using medical leave as accommodation of his disability.

41. Reporting unlawful discriminatory behavior is also a protected activity, and under the AEDA and the Rehabilitation Act of 1973, a Defendant is liable for retaliation against a Plaintiff for filing an EEO charge as Plaintiff did.

42. Plaintiff's termination and other adverse treatment Plaintiff was motivated in part by his request for accommodation of his disability and filing an EEO charge against the Defendant.

43. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial losses including lost earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to

suffer harm to reputation, embarrassment, humiliation and mental anguish, all to his damage in an amount according to proof.

44. As a result of Defendant's retaliation as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the ADEA.

45. The Defendant's conduct set forth above constitutes retaliation in violation of the antiretaliation provisions of the AEDA and the Rehabilitation Act of 1973.

## FOURTH CAUSE OF ACTION

### (Failure To Accommodate Under The Rehabilitation Act Of 1973)

46. Plaintiff hereby realleges and incorporates by reference the allegations set forth in above paragraphs, as though set forth in full herein.

47. Plaintiff is, and at all times material hereto was, an employee covered by the Rehabilitation Act Of 1973, requiring reasonable accommodation for employees with disabilities.

48. At all material times, Defendants have been employers within the meaning of the Rehabilitation Act Of 1973, and as such, were required to provide reasonable accommodation for employees with disabilities.

49. Plaintiff has disabilities within the meaning of the Rehabilitation Act Of 1973.

50. Defendants failed to accommodate Plaintiff's disabilities in violation of the Rehabilitation Act Of 1973.

51. As a result of Defendants' conduct against Plaintiff, Plaintiff has suffered, and continues to suffer, substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits and has suffered, and continues to suffer, embarrassment, harm to reputation, humiliation, emotional distress and mental anguish all to Plaintiff's damage in an amount according to proof.

52. As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the Rehabilitation Act Of 1973.

## FIFTH CAUSE OF ACTION

### (Appeal of MSPB Decision Regarding Just Cause for Plaintiff's Termination)

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in above paragraphs, as though set forth in full herein.

54. Plaintiff was at all times material hereto a permanent federal employee for whom just, good, and sufficient cause was required for his termination by the Defendant.

55. Defendant acted without just, good, and sufficient cause and engaged in prohibited personnel practices when it acted as described above.

56. The MSPB's decision upholding Plaintiff's termination was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and/or not in accordance with law.

57. Wherefore, Plaintiff requests relief as hereinafter provided.

///

///

///

COMPLAINT

## PRAYER FOR RELIEF

Plaintiff requests relief as follows:

1. For reversal of the MSPB decision upholding Plaintiff's termination;

2. That Defendant, his agents, officers, employees and those acting in concert, be enjoined permanently from engaging in the unlawful practices, policies, usages and customs set forth herein;

3. For past, present, and future damages according to proof, including damages (liquidated and otherwise) for lost wages as well as compensatory damages or losses resulting from humiliation, mental anguish, emotional distress, loss of self-esteem, and harm to Plaintiff's reputation according to proof;

4. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

5. For reinstatement of Plaintiff to his prior position with the Social Security Administration or another position satisfactory to him with full back pay, seniority, and benefits, and if no such position exists then for front pay until one does exist;

6. For a declaration declaring that Defendant retaliated against Plaintiff for exercising his EEO rights, and/or committed disability discrimination against him, and/or age discrimination against him and/or failure to accommodate his disability;

7. To the extent allowed by law, punitive damages;

8. For a posting in Plaintiff's workplace of retaliation and/or discrimination;

9. For remedial training for the Social Security Administration officials and/or other employees responsible for the unlawful actions towards Plaintiff;

10. For costs of suit including reasonable attorneys' fees; and

11. For such other and further relief as the Court may deem proper.

///

///

11
COMPLAINT

///

///

Date: March 22, 2024                    *Edmund Rainsford*

**Edmund Rainsford**

**In Pro Se**

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury

Date: March 22, 2024                    *Edmund Rainsford*

**Edmund Rainsford**

**In Pro Se**

**COMPLAINT**