UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND RAINSFORD, | Case No.  24-cv-01862-LJC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE OR SUMMARY JUDGMENT SHOULD NOT BE GRANTED** |
| SSA COMMISSIONER, | |
| Defendant. | |

## I.    INTRODUCTION

Defendant the Commissioner of Social Security (the Commissioner) filed a Motion to Dismiss this action on May 6, 2025.  ECF No. 23.  Plaintiff Edmund Rainsford, pro se, did not file an opposition brief by the May 20, 2025 deadline.  On May 30, 2025, Rainsford belatedly moved for an extension of time to oppose the Commissioner's Motion, citing illness and issues with mail service as reasons he could not meet the original deadline.  ECF No. 28.  On June 5, 2025, the Court granted that request and set a deadline of June 17, 2025 for Rainsford's opposition brief. ECF No. 29.  The Court later issued a second order reiterating that deadline.  ECF No. 30.  That deadline has passed, and Rainsford still has not filed an opposition brief.

For the reasons discussed below, Rainsford is ORDERED TO SHOW CAUSE why the case should not be dismissed with prejudice, or why summary judgment should not be granted in favor of the Commissioner on the issue of whether Rainsford filed this case too late.  Rainsford must file a response no later than August 13, 2025.

The hearing previously set for July 17, 2025 is CONTINUED to September 4, 2025 at 1:30 PM, to occur by Zoom webinar videoconference.  Access instructions are available at https://cand.uscourts.gov/ljc.

United States District Court
Northern District of California

## II.    FAILURE TO OPPOSE

The Commissioner asserts in a reply brief that the Motion can be granted simply because Rainsford failed to file an opposition brief.  ECF No. 26 at 2.[1]  The Ninth Circuit decision that the Commissioner cites for that proposition held that the District of Nevada did not abuse its discretion in dismissing a case based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (alteration in original).  Although the Court recognizes that some decisions from this district have applied the same principle, this district has no equivalent local rule, and as a matter of discretion, the Court hesitates to impose the severe sanction of dismissal based solely on a disabled pro se plaintiff's failure to meet a briefing deadline.  Such an outcome might ultimately be necessary, however, if Rainsford continues to fail to respond and to prosecute this action.

Rainsford is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed with prejudice for failure to prosecute, failure to comply with multiple Orders of the Court setting the extended June 17, 2025 deadline for his opposition brief, and failure to oppose the Commissioner's Motion to Dismiss.

## III.    TIMELINESS OF COMPLAINT

Turning to an argument raised in the Commissioner's Motion, the Commissioner asserts that Rainsford filed this action after the thirty-day deadline set by 5 U.S.C. § 7703(b)(2) to challenge a Merit Systems Protection Board (MSPB) decision on a discrimination claim.  ECF No. 23 at 10–11.  The Commissioner relies on a certificate of service attached the MSPB's decision, which is in turn attached as an exhibit to the Commissioner's Motion, stating that Rainsford was "[s]erved on email address registered with MSPB" on February 23, 2024.  *Id.* at 26.  If that is accurate, then the deadline to file this action under § 7703(b)(2) was March 25, 2025,[2] and Rainsford's filing on March 26, 2025 was one day too late.  *See generally* ECF No. 1 (Compl.).

---

[1] This Order cites documents filed in the docket of this case using page numbers as assigned by the Court's ECF filing system.

[2] Thirty days after February 23, 2024 was Sunday, March 24, 2024, and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure extends the deadline to the following business day.

1    As discussed below, the Court cannot consider the

2         The Commissioner's present Motion to Dismiss cites legal standards for both a factual

3    challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

4    Procedure and a motion to dismiss for failure to state a claim under Rule 12(b)(6).  ECF No. 23 at

5    9–10.  A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint,

6    with the exception of materials incorporated by reference in a complaint or materials subject to

7    judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

8    Unlike Rule 12(b)(6), the Commissioner may permissibly offer extrinsic evidence to support a

9    motion to dismiss under Rule 12(b)(1).  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir.

10   2009).

11        The Commissioner cites caselaw holding that the deadline at issue jurisdictional, and thus

12   an appropriate basis for a motion under Rule 12(b)(1).  ECF No. 23 at 11 (citing *Monzo v. Dep't of*

13   *Transp., F.A.A.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984); *Slater v. Patterson*, No. ED CV 16-519 PA

14   (KKx), 2016 WL 11811588, at *3 (C.D. Cal. July 20, 2016)).  The Commissioner neglects to

15   mention, however, that the Supreme Court held last year that § 7703(b)(1)'s similarly worded

16   deadline for appeals of other MSPB decisions is *not* jurisdictional, in one of several cases over the

17   last twenty years cautioning that "most time bars are nonjurisdictional."  *Harrow v. Dep't of Def.*,

18   601 U.S. 480, 484 (2024) (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015)).

19   This Court discerns no reason why § 7703(b)(2)'s thirty-day deadline would be jurisdictional

20   when § 7703(b)(1)'s sixty-day deadline is not.  A motion to dismiss for failure to comply with

21   § 7703(b)(2)'s deadline therefore must be brought under Rule 12(b)(6) rather than Rule 12(b)(1),

22   and *Monzo*, *Patterson*, and other decisions holding to the contrary are no longer accurate

23   statements of the law.  The Commissioner cannot rely on Rule 12(b)(1) to offer evidence of

24   untimely filing beyond Rainsford's Complaint.

25        The Commissioner also asserts in a footnote that the Court may take judicial notice of the

26   certificate of service as a matter of public record, as a part of the administrative record, and as

27   incorporated by reference in Rainsford's Complaint.  ECF No. 23 at 8 n.1.  But as one of the cases

28   the Commissioner cites expressly cautioned, a court properly applying the doctrine of judicial

United States District Court
Northern District of California

3

notice "only notices the existence of the administrative proceedings and the agency's findings and does not credit the truth of any fact recounted or matter asserted in the documents." *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *10 (N.D. Cal. Mar. 4, 2015). Here, the Commissioner would have the Court accept a factual assertion of when and how service occurred. The Commissioner cites no authority for such an application of judicial notice.

The related doctrine of incorporation by reference can allow courts, in appropriate circumstances, to credit the truth of documents on which a complaint relies. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014 (9th Cir. 2018). But Rainsford's Complaint says nothing about the certificate of service. Mere reference to the MSRP's decision—for the purpose of *challenging* that decision—does not imply agreement with the facts stated therein, much less in the certificate of service attached to that decision. The Court therefore declines to apply that doctrine here.

Rule 12(d) of the Federal Rules of Civil Procedure reads in relevant part as follows:

> Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Under that rule, the Court cannot consider the Commissioner's extrinsic evidence in resolving the present Motion under Rule 12(b)(6), but the Court has discretion to treat the Motion as seeking summary judgment[3] so long as the parties are given sufficient notice and

---

[3] To prevail on a motion for summary judgment, a movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Both sides may, and often must, submit evidence to support their positions.

> In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). At the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630–31 (9th Cir. 1987). However, once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

*Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005).

4

1    opportunity to respond.

2         Whether Rainsford filed this case within the deadline is a discrete issue that would be

3    efficient to address before the parties devote further cost and effort to litigation.  The Court

4    therefore converts the Commissioner's present Motion to a motion for summary judgment for the

5    limited purpose of considering whether Rainsford met the filing deadline for his Complaint.

6    Rainsford is ORDERED TO SHOW CAUSE why the Motion, construed as seeking summary

7    judgment on that issue, should not be granted.  Rainsford may submit any evidence he believes

8    relevant to the question of whether he filed this action within the deadline.  If Rainsford does not

9    present such evidence, or a legal argument refuting the Commissioner's position that the case is

10   untimely, the Court would likely grant the Commissioner's Motion.

11   **IV.    OTHER ARGUMENTS FOR DISMISSAL**

12        The Court declines to address specifically in this Order to Show Cause each of the

13   Commissioner's arguments for dismissal of specific claims in Rainsford's Complaint.  *See* ECF

14   No. 23 at 11–17.  The Commissioner's Motion remains pending as to all of those issues, however,

15   and Rainsford must address them in response to the Motion, which he has thus far failed to

16   oppose.  Rainsford is ORDERED TO SHOW CAUSE why the Commissioner's Motion should

17   not be granted as to each issue raised therein.

18   **V.    CONCLUSION**

19        For the reasons discussed above, Rainsford is ORDERED TO SHOW CAUSE why this

20   case should not be dismissed with prejudice, or why summary judgment should not be granted in

21   favor of the Commissioner because Rainsford filed the case too late.  Granting summary judgment

22   or dismissing the case with prejudice would have generally the same practical effects, including

23   that the case would be closed and Rainsford would not be allowed to refile it, although he could

24   appeal this Court's decision to the Ninth Circuit.  In an abundance of caution to account for

25   Rainsford's health issues, the Court sets an extended deadline for Rainsford's response.

26        Rainsford must file a response to this Order addressing each issue discussed above no later

27   than August 13, 2025, including specifically: (1) the reason he failed to meet the previous deadline

28   of June 17, 2025; (2) whether he filed his Complaint within the thirty-day deadline set by

United States District Court
Northern District of California

§ 7703(b)(2), which may include extrinsic evidence to counter the certificate of service offered by the Commissioner; and (3) a response to all other arguments raised in the Commissioner's Motion to Dismiss. Failure to file a response by that deadline may result in dismissal with prejudice.

Rainsford is once again encouraged to contact the Court's Legal Help Center for assistance. Attorneys at the Legal Help Center cannot represent parties in litigation but can provide basic assistance to parties representing themselves. Rainsford may request an appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org.

The Clerk is instructed to send Rainsford a courtesy copy of this Order by email, in addition to serving it by mail.

**IT IS SO ORDERED.**

Dated: July 17, 2025

LISA J. CISNEROS
United States Magistrate Judge